UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 5:16-CR-17-JMH-HAI-2 |
| ) | |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| MARTIN ALVOR-MARTINEZ, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal prisoner Martin Alvor-Martinez ("Alvor"),[1] proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate his sentence. D.E. 107. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Having reviewed the motion in detail, it appears that the motion is time-barred.

On September 7, 2016, District Judge Hood entered Judgment after Alvor pleaded guilty (D.E. 57) to one count of conspiracy to distribute five kilograms or more of cocaine. D.E. 86. He was sentenced to a total imprisonment term of 120 months. *Id*. at 2. Alvor did not appeal.[2]

The critical issue at this juncture is whether the § 2255 motion was timely filed. A one-year period of limitation applies to habeas motions by federal prisoners. 28 U.S.C. § 2255(f). The statute provides that the limitation period begins to run from the latest of four specified

---

[1] The petitioner refers to himself as Alvor-Ramirez three times in his filing. D.E. 107-1.

[2] The appeal waiver in his plea agreement states: "The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the final sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." D.E. 57 at 5 ¶ 7.

dates, only one of which appears relevant here: "the date on which the judgment of conviction becomes final." § 2255(f)(1).

Judgment was entered on September 7, 2016. D.E. 86. Federal Rule of Appellate Procedure 4(b)(1)(A) provides fourteen days after entry of judgment to file a notice of appeal. This period expired on September 21, 2016. This is the date upon which Alvor's conviction became final and his one-year habeas statute of limitations began to run. 28 U.S.C. § 2255(f)(1). The deadline expired a year later, on Friday, September 21, 2017. On the final page of his § 2255 form, Alvor swears that he placed the motion in the prison mail on January 28, 2020. D.E. 107 at 12. This was two years, four months, and seven days past the one-year deadline.

Item 18 of the § 2255 form states, "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." D.E. 107 at 10. Alvor responds:

> With due diligence I found the transcripts of my plea agreement and could find the "errors" done by the defense counsel and the Court, that violated the constitutional rights of Mr. Alvor. There is not statute of limitation in this case, because a flagrant violation of the Constitutional rights of any person, has not limitation in time to file a motion in his behalf.

*Id*. Alvor is not correct on this point. There is a statute of limitations that this Court must enforce when appropriate. 28 U.S.C. § 2255(f). The Court therefore ordered Alvor to show cause why his motion should not be dismissed as time-barred. D.E. 109. Alvor timely responded. D.E. 110.

Alvor argues that the deadline should be equitably tolled under *Holland v. Florida*, 560 U.S. 631 (2010). D.E. 110. Under *Holland*, a petitioner is entitled to equitable tolling of the habeas statute of limitations if he proves (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland*,

560 U.S. at 649. The bar to equitable tolling is a high one. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The constraining external circumstance must be something "extraordinary," *id*., such as "egregious attorney misconduct," *Holland*, 560 U.S. at 634, or the movant's "profound mental incapacity," *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004).

Alvor first explains that, after his sentencing, he was transferred to Grayson County. D.E. 110 at 1-2. Alvor states he asked his attorney to file an appeal, but no appeal was filed. *Id*. at 2. This alleged failure to appeal during the fourteen-day appeal window has no bearing on Alvor's habeas statute of limitations.

Alvor states he then "went to Louisiana, and the 14 days to appeal were expired. During his time in Louisiana, he was locked down, and couldn't prepare his § 2255 motion, spite he tried to do so." D.E. 110 at 2. Alvor does not state how long he was in Louisiana. Nor does he state how long the lockdown lasted. However, the record indicates Alvor succeeded in making court filings during the limitations period while he was at FCI Oakdale in Louisiana.

On December 20, 2016, Alvor filed a motion to obtain court records for purposes of filing a § 2255 motion. D.E. 92. Judge Hood denied the motion without prejudice on April 4, 2017. D.E. 95. Three days later, Alvor's trial attorney filed a transcript request. D.E. 96. The transcript was filed July 4, 2017. D.E. 100. Alvor's habeas deadline then expired several weeks later, on September 21, 2017.

Although not directly relevant, it is also worth noting that Alvor filed a *pro se* motion for a sentence reduction on November 27, 2017, based on Amendment 782 of the Sentencing

3

Guidelines. D.E. 103.³ This filing, again made from Louisiana, occurred a little over a month after his habeas deadline expired.

The record therefore shows that Alvar was capable of filing motions from Louisiana—even during the limitations period.

Alvor goes on to explain that, after Louisiana, he was transferred to Mississippi, where he was unable to find someone to help him prepare a § 2255 motion. D.E. 110 at 2. This information is not relevant because the Court records cited above show this transfer happened after the statute of limitations had already expired. Alvor avers he finally found a jailhouse lawyer following his transfer to his current facility. *Id*.

The bottom line is that, accepting as true Alvor's assertions, as augmented by the Court record, he has not proven due diligence or extraordinary hindrance to warrant equitable tolling under *Holland*.

Concerning due diligence, the record makes clear that Alvor moved to obtain his record in November 2016 for the express purpose of pursuing a § 2255 motion. D.E. 92. That motion was also denied within the limitations period. D.E. 95. Alvor was thus capable of filing at least a "protective" *pro se* § 2255 motion within the limitations period (to toll the statute of limitations a preserve his rights). But he did not do so.

Concerning any extraordinary circumstance, the record shows that Alvor was not on lockdown—such that he was incapable of making court filings—during the entire limitations period. *See* D.E. 92. Alvor's other stated obstacle is his difficulty in communicating with his trial attorney. D.E. 110 at 2. As noted, that attorney did file a transcript request—and the

---

³ Judge Hood denied the motion in April 2018. D.E. 104. Judge Hood found that Amendment 782 was already in effect at the time of sentencing. *Id*.

transcript was obtained—during the limitations period. Alvor does not allege that his attorney actively did anything that prevented him from making a timely habeas filing.

As the Supreme Court has made clear, only "egregious attorney misconduct" warrants tolling. *Holland*, 560 U.S. at 634. Although the failure of Alvor's attorney to file a direct appeal when asked to do so may have been misconduct, this failure to appeal would not have affected Alvor's ability to file a timely habeas motion during the one-year limitations period.

Attorney negligence does not warrant equitable tolling, only extraordinary misconduct does.

> [The "extraordinary circumstance prong of the *Holland* test] is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true. *See Maples v. Thomas*, [565 U.S. 266, 281 (2012)]; *Holland v. Florida*, 560 U.S. at 652–53]; *Dillon v. Conway,* 642 F.3d 358, 363-64 (2d Cir. 2011); *Downs v. McNeil*, [520 F.3d 1311, 1320-21 (11th Cir. 2008)] (discussing these two "well-recognized exceptions" to the "your lawyer, your fault" rule).

*Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013). Again, Alvor has not alleged active attorney misconduct, or even negligence, that prevented him from filing a habeas petition. Alvor merely states his attorney failed to answer or return phone calls. D.E. 110 at 2. No extraordinary circumstance prevented him from filing this motion on time.

## Conclusion

The undersigned **RECOMMENDS** that Alvor's § 2255 motion be **DISMISSED** upon initial review as untimely. "[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

This case does not warrant an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, the record shows Alvor was capable of making court filings during the limitations period. Yet his § 2255 motion was filed over two years and four months too late. The record therefore "conclusively show[s]" he is entitled to no relief. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the record shows Alvor was capable of filing a motion within the limitations period, but the motion was filed over two years too late. That his motion is time-barred is not debatable.

Any objection to or argument against denial of the § 2255 motion must be asserted **before the District Judge** in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255

Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 2nd day of April, 2020.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge