UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Criminal Action No. |
| | ) | 5:16-CR-17-JMH-HAI-2 |
| v. | ) | |
| | ) | |
| MARTIN ALVOR-MARTINEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant-Petitioner. | ) | |
| | ) | |

*   *   *   *   *   *   *

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Hanly A. Ingram [DE 111], wherein he recommends that Defendant-Petitioner Martin Alvor-Martinez's Motion to Vacate under 28 U.S.C. § 2255 [DE 107] be denied. Following Judge Ingram's March 11, 2020 Order to Show Cause [DE 109], Alvor-Martinez filed a response, styled as a "Motion to Show Cause" [DE 110], addressing the issue of timeliness. After thoroughly examining the record, Judge Ingram found that Alvor-Martinez's claims are barred by the statute of limitations under 28 U.S.C. § 2255(f). Judge Ingram further recommended that Alvor-Martinez's requests for an evidentiary hearing and certificate of appealability be denied.

Generally, a judge of the court shall make a de novo determination of those portions of the report or specified proposed

1

findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, and in the absence of any objections from Alvor-Martinez, this Court adopts the well-articulated and detailed reasoning set forth in the Report and Recommendation as its own.

Finally, the Magistrate Judge recommends that no certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Alvor-Martinez must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Again, in the absence of objections from Alvor-Martinez, the undersigned adopts the Report and Recommendation on this issue, and concludes that no certificate should issue as Alvor-Martinez

cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED** as follows:

(1) United States Magistrate Judge Hanly A. Ingram's Report and Recommendation [DE 111] is hereby **ADOPTED IN FULL** as the findings of fact and conclusions of law of the Court;

(2) Insofar as it requests separate relief, Defendant-Petitioner Martin Alvor-Martinez's response to the show cause order, styled as a "Motion to Show Cause" [DE 110] is **DENIED**; and

(3) Defendant-Petitioner Martin Alvor-Martinez's Motion to Vacate under 28 U.S.C. § 2255 [DE 107] is hereby **DENIED**.

This the 30th day of September, 2020.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge

3